**UNITED STATES of America, Plaintiff—Appellee,**

**v.**

**Rosa RENDON–RUIZ, Defendant—Appellant.**

No. 00–50627.

D.C. No. CR–00–00546–JNK.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001.[*]

Decided July 25, 2001.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

488

Before RYMER and RAWLINSON, Circuit Judges, and POGUE, Judge.**

MEMORANDUM ***

Rosa Rendon–Ruiz appeals her conviction for importing and possessing with intent to distribute 63.9 pounds of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 952, and 960. Regardless of whether our review is for plain error, de novo, or for abuse of discretion, there was no impermissible vouching or prosecutorial misconduct requiring reversal. We therefore affirm on the issue of misconduct, and defer ruling on the issue of whether the drug statutes under which Rendon–Ruiz was convicted are unconstitutional.[1]

First, we disagree with Rendon–Ruiz that the district court excluded evidence about whether the wrong person was arrested. The court deferred ruling on her motion in limine until trial. Beyond this, the question posed by the AUSA was an invited reply to Rendon–Ruiz's defense that the investigation was incompetent and failed to follow-through with Escudero and others. *See United States v. Sarkisian,*

197 F.3d 966, 990 (9th Cir.1999). Neither the question nor the answer implied either extra-record knowledge or a personal opinion about Rendon–Ruiz's guilt; it simply elicited evidence that it isn't necessary to indict anyone other than the driver, which Rendon–Ruiz admittedly was. Willson then testified that if she knew who put the marijuana in the vehicle, he would probably be indicted. Even if the exchange could have left the impression that the witness thought Rendon–Ruiz was guilty, the error is harmless. Rendon–Ruiz had been the registered owner of the vehicle for four months; she had indicated on the DMV transfer form that the vehicle was a gift from her mother-in-law although she had told customs agents that she owned the pickup truck for only one month and that it was a gift from her boyfriend, whose address she did not know; she testified that the pickup truck was a gift from her son-in-law, however Escudero was not married to her daughter and had broken up with her by that time; she bought a new fuel cap for the truck the day before registering it, and a couple of days later work was done on the gas tank in Tijuana; she drove the pickup truck twice within two weeks to Mexico even though she had to stop every 30 miles for gas despite owning another car which worked well enough to make that trip and did not have a broken gauge; and there were 28 packages with 63.9 pounds of marijuana in the gas tank. In light of this evidence, it is not more probable than not that the government's conduct materially affected the fairness of the trial. *Id.*

AFFIRMED on the issue of prosecutorial misconduct.

** Honorable Donald C. Pogue, United States Court of International Trade Judge, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We vacate submission of Rendon–Ruiz's claims under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in an order filed concurrently with this disposition.

POGUE, Judge, Concurring.

I agree that this case is controlled by *United States v. Sarkisian*, 197 F.3d 966 (9th Cir.1999), but I read *Sarkisian* to hold that making an "invited reply" does not justify prosecutorial misconduct, if any occurred. *See id.* at 990 ("Nevertheless, the prosecution is not allowed to use improper tactics even in response to similar tactics by the defense. But even if the prosecutor's statement was improper vouching, we will reverse only if the error was not harmless. In applying a harmless error analysis, this court must determine whether it is more probable than not that the prosecutor's conduct materially affected the fairness of the trial.") (citations omitted). As in *Sarkisian*, the question posed by the prosecutor here was harmless error.